IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-812-D

| | |
|---|---|
| GAYE SUE STANCIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| REX HOSPITAL and SUSAN BOULD, ) | |
| ) | |
| Defendants. ) | |

On December 17, 2012, Gaye Stancil ("Stancil") filed suit under Title VII of the Civil Rights Act of 1964 against Rex Hospital and Susan Bould ("Bould") (collectively, "defendants") [D.E. 1]. Stancil alleges that she was unlawfully terminated from her employment as a result of her disability. See Compl. [D.E. 4] 3–5. On April 23, 2013, defendants moved to dismiss Stancil's complaint for untimeliness and failure to state a claim [D.E. 23–24]. Stancil responded in opposition [D.E. 26] and defendants replied [D.E. 27]. As explained below, the court grants defendants' motion and dismisses Stancil's complaint for failure to state a claim.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.

2009); see Iqbal, 556 U.S. at 678–79. However, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, 591 F.3d at 255. The court has considered Stancil's pro se status and held the complaint to a less-stringent standard than a pleading drafted by a lawyer. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam); see also Iqbal, 556 U.S. at 678.

Stancil asserts that she was wrongfully discharged in violation of Title VII after she became disabled in an automobile accident on her way to work. See Compl. 4. Title VII prohibits discriminatory employment practices based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Stancil alleges only disability as the basis of her employer's alleged unlawful discrimination. See Compl. 3–5. However, disability is not a protected characteristic under Title VII. See 42 U.S.C. § 2000e-2. Thus, Stancil's complaint fails to state a claim. See, e.g., Branscomb v. Sec'y of Navy, 461 F. App'x 901, 906 (11th Cir. 2012) (per curiam) (unpublished); Patterson v. AFSCME # 2456, 320 F. App'x 143, 147 (3d Cir. 2009) (per curiam) (unpublished); Crow v. McElroy Coal Co., 290 F. Supp. 2d 693, 696 (N.D. W. Va.), aff'd, 77 F. App'x 649 (4th Cir. 2003) (per curiam) (unpublished); Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 632–33 (M.D.N.C. 2000).

Additionally, Bould, Stancil's supervisor, is not a proper defendant under Title VII. Title VII provides that it is "an unlawful employment practice for an employer . . . discriminate against any individual" on the basis of a protected characteristic. 42 U.S.C. § 2000e-2(a). Accordingly, the law is "tied to employer, rather than individual, liability" and "individual supervisors are not liable under Title VII." Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998). Thus, Stancil's complaint against Bould also fails for this reason. See, e.g., id.; Jones v. Sternheimer, 387 F. App'x

366, 368 (4th Cir. 2010) (per curiam) (unpublished); Ward v. Coastal Carolina Health Care, P.A., 597 F. Supp. 2d 567, 569–70 (E.D.N.C. 2009) (collecting cases).

In sum, Stancil has failed to state a claim. The court GRANTS defendants' motion to dismiss [D.E. 23].

SO ORDERED. This 25 day of July 2013.

JAMES C. DEVER III
Chief United States District Judge

3